**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| REEBOK INTERNATIONAL LTD., LLC, and REEBOK INTERNATIONAL LIMITED, <br><br>　　　　Plaintiffs and Counterclaim Defendants, <br><br>　　v. <br><br> AUTRY INTERNATIONAL S.r.l and AUTRY USA, LLC <br><br><br>　　　　Defendants and Counterclaimants. | Case No. 1:23-cv-10966-RGS <br><br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFFS' EMERGENCY MOTION FOR RELIEF BASED ON DEFENDANTS' RECENT DISCLOSURE THAT IT WILL NOT MAKE A KEY WITNESS (MAURO GRANGE) AVAILABLE AT HIS LONG-SCHEDULED MAY 3 DEPOSITION**

Reebok has been scheduled for months to depose Autry's corporate representative and Chief Executive Office ("CEO") Mauro Grange in both his individual and Rule 30(b)(6) capacities during the week of April 29, 2024. Hours before Reebok's counsel was set to depart to complete that deposition and four others in Milan, Italy, Autry effectively "terminated" Mr. Grange's deposition, announcing without warning on April 26 that Autry would no longer produce its longstanding CEO Mr. Grange on May 3 or any point thereafter. Autry's attempt to cancel unilaterally Mr. Grange's deposition took place only hours after a last-minute document dump in which Autry produced documents quoting Mr. Grange describing Autry shoes as "  ."

Needless to say, depositions in Milan, Italy (which are taking place there at Autry's insistence) require extensive planning and upfront expense, and it will be difficult and extremely

expensive for Plaintiffs to depose Mr. Grange—a key fact witness—at a later date.  Counsel for Reebok therefore immediately got on the phone with counsel for Autry to attempt to resolve this issue, but Autry refused to change its position.

Reebok therefore had no choice but to respectfully submit this Emergency Motion and ask the Court to either (a) compel Defendant Autry International S.r.l ("Autry") to produce for deposition Mr. Grange on the previously agreed date of Friday, May 3, 2024, in Milan at the offices of Chiomenti, Via Giuseppe Verdi, 4, 20121, Milano MI, Italy, or in the alternative, to (b) enter an Order (1) requiring Autry to submit a sworn declaration detailing all efforts Autry made in an attempt to cause Mr. Grange to testify at his scheduled deposition and the exact circumstances of how and when he separated from Autry and became unavailable for his scheduled deposition, (2) stating that Reebok is entitled to an adverse presumption that Mr. Grange's testimony would have been damaging to Autry's case, (3) declaring that all objections Autry may have related to any documents or statements involving Mr. Grange—including but not limited to authenticity and hearsay—are waived and those documents/statements are deemed admissible, (4) awarding Reebok its fees and costs associated with the filing of this motion and the last minute unilateral termination of Mr. Grange's deposition, and (5) prohibiting Autry from objecting to or refusing to comply with any request by Reebok to re-depose in the United States any of the other witnesses to whom Autry has at the last minute shifted Rule 30(b)(6) topics to as a result of Autry no longer making Mr. Grange available, and (6) all other relief the Court deems just and proper.  The grounds for this request are contained in the separate memorandum of points and authorities in support of Reebok's Emergency Motion as well as a supporting declaration and exhibits that are being submitted simultaneously.

Due to the time sensitive nature of Reebok's requested relief—and the significant expenses and prejudice Reebok will incur should Mr. Grange not attend his May 3 deposition—Reebok respectfully requests that the Court consider this issue on an expedited basis and to require Autry— who has known this Motion is coming since midday on April 26—to submit its response by 6 p.m. on Monday, April 29, 2024.

Dated: April 27, 2024                    Respectfully submitted,


*/s/ Lucy J. Wheatley*_____
Lucy J. Wheatley (*admitted pro hac vice*)

John J. Tumilty (BBO# 560017)
Paige K. Zacharakis (BBO# 699108)
**MORSE, BARNES-BROWN &**
**PENDLETON, P.C.**
480 Totten Pond Road, 4th Floor
781-622-5930
781-622-5933 (fax)
jtumilty@morse.law
pzacharakis@morse.law

Lucy J. Wheatley (*admitted pro hac vice*)
Amanda L. DeFord (*admitted pro hac vice*)
**MCGUIREWOODS LLP**
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-1000
Fax: (804) 698-2016
lwheatley@mcguirewoods.com
adeford@mcguirewoods.com

Luigi Aletto (*admitted pro hac vice*)
**MCGUIREWOODS LLP**
1750 Tysons Boulevard, Suite 1800
Tysons, VA 22102
Tel: (703) 712-5000
Fax: (703) 712-5050
laletto@mcguirewoods.com

*Counsel for Plaintiff Reebok International Ltd., LLC*
*and Reebok International Limited*

3

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

I hereby certify that, on April 26, 2024, counsel conferred and attempted in good faith to resolve or narrow the issue prior to filing this motion.

*/s/ Lucy J. Wheatley*
Lucy J. Wheatley (*admitted pro hac vice*)

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2024, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the date of electronic filing.

*/s/ Lucy J. Wheatley*
Lucy J. Wheatley (*admitted pro hac vice*)