# EXHIBIT E

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| REEBOK INTERNATIONAL LTD., LLC, and REEBOK INTERNATIONAL LIMITED, <br><br>         Plaintiffs and Counterclaim Defendants, <br><br>    v. <br><br> AUTRY INTERNATIONAL S.r.l., and AUTRY USA, LLC, <br><br>         Defendants and Counterclaim Plaintiffs. | Case No. 1:23-cv-10966-RGS <br><br><br> **JURY TRIAL DEMANDED** |

## NOTICE OF DEPOSITION

TO: **Alberto Scotti c/o:**
John L. Strand (BBO No. 654985)
jstrand@wolfgreenfield.com
Bryan S. Conley (BBO No. 666830)
bconley@wolfgreenfield.com
Suresh Rav (BBO No. 709631)
srav@wolfgreenfield.com
**WOLF, GREENFIELD & SACKS, P.C.**
600 Atlantic Avenue
Boston, MA 02210
617.646.8000 Phone
617.646.8646 Fax

Robert T. Maldonado (*admitted pro hac vice*)
rmaldonado@wolfgreenfield.com
Aya Cieslak-Tochigi (*admitted pro hac vice*)
acieslak-tochigi@wolfgreenfield.com
JoHanna K. Rothseid (*admitted pro hac vice*)
jrothseid@wolfgreenfield.com
**WOLF, GREENFIELD & SACKS, P.C.**
605 Third Avenue, 25th Floor
New York, NY 10158
212.697.7890 Phone
617.646.8646 Fax

Please take notice that on April 30, 2024, commencing at 8:30 a.m. CET, at Legance – Avvocati Associati, Via Broletto 20, 20121, Milan, Italy, Reebok International Ltd., LLC and Reebok International Limited will depose **Alberto Scotti** upon oral examination pursuant to Rules 28 and 30 of the Federal Rules of Civil Procedure, before a Notary Public or some other officer authorized by law to administer oaths. The deposition may be recorded by stenographic and/or videographic means, and Italian-English language translation services may be provided. The deposition will be taken for all purposes allowed by law, including cross-examination and use at trial and will continue from day to day until completed.

Dated: March 21, 2024

Respectfully submitted,

REEBOK INTERNATIONAL LTD., LLC, and
REEBOK INTERNATIONAL LIMITED,

By their attorneys,

*/s/ Lucy Jewett Wheatley*
John J. Tumilty (BBO # 560017)
Paige Zacharakis (BBO # 699108)
**MORSE, BARNES-BROWN &
PENDLETON, P.C.**
480 Totten Pond Road, 4th Floor
Waltham, MA 02451
Telephone: (781) 622-5930
Fax: (781) 622-5933
jtumilty@morse.law
pzacharakis@morse.law

Lucy J. Wheatley (*admitted pro hac vice*)
Amanda L. DeFord (*admitted pro hac vice*)
**MCGUIREWOODS LLP**
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-1000

Fax: (804) 698-2016
lwheatley@mcguirewoods.com
adeford@mcguirewoods.com

Luigi Aletto (*admitted pro hac vice*)
**MCGUIREWOODS LLP**
1750 Tysons Boulevard
Suite 1800
Tysons, VA 22102
Tel: (703) 712-5000
Fax: (703)712-5050
laletto@mcguirewoods.com

## CERTIFICATE OF SERVICE

I hereby certify that, pursuant to the parties' agreement, on March 21, 2024, the foregoing,

NOTICE OF DEPOSITION was served upon the following counsel of record for Defendants

Autry International, S.r.l and Autry USA, LLC via electronic mail:

John L. Strand (BBO No. 654985)
jstrand@wolfgreenfield.com
Bryan S. Conley (BBO No. 666830)
bconley@wolfgreenfield.com
Suresh Rav (BBO No. 709631)
srav@wolfgreenfield.com
**WOLF, GREENFIELD & SACKS, P.C.**
600 Atlantic Avenue
Boston, MA 02210
617.646.8000 Phone
617.646.8646 Fax

Robert T. Maldonado (*admitted pro hac vice*)
rmaldonado@wolfgreenfield.com
Aya Cieslak-Tochigi (*admitted pro hac vice*)
acieslak-tochigi@wolfgreenfield.com
JoHanna K. Rothseid (*admitted pro hac vice*)
jrothseid@wolfgreenfield.com
**WOLF, GREENFIELD & SACKS, P.C.**
605 Third Avenue, 25th Floor
New York, NY 10158
212.697.7890 Phone
617.646.8646 Fax

*Counsel for Autry International, S.r.l and Autry USA, LLC*

/s/ Amanda L. DeFord
Amanda L. DeFord (admitted *pro hac vice*)

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| REEBOK INTERNATIONAL LTD., LLC, and REEBOK INTERNATIONAL LIMITED,<br><br>        Plaintiffs and Counterclaim Defendants,<br><br>    v.<br><br>AUTRY INTERNATIONAL S.r.l., and AUTRY USA, LLC,<br><br>        Defendants and Counterclaim Plaintiffs. | Case No. 1:23-cv-10966-RGS<br><br>**JURY TRIAL DEMANDED** |

## NOTICE OF DEPOSITION

TO:   **Marco Doro c/o:**
     John L. Strand (BBO No. 654985)
     jstrand@wolfgreenfield.com
     Bryan S. Conley (BBO No. 666830)
     bconley@wolfgreenfield.com
     Suresh Rav (BBO No. 709631)
     srav@wolfgreenfield.com
     **WOLF, GREENFIELD & SACKS, P.C.**
     600 Atlantic Avenue
     Boston, MA 02210
     617.646.8000 Phone
     617.646.8646 Fax

     Robert T. Maldonado (*admitted pro hac vice*)
     rmaldonado@wolfgreenfield.com
     Aya Cieslak-Tochigi (*admitted pro hac vice*)
     acieslak-tochigi@wolfgreenfield.com
     JoHanna K. Rothseid (*admitted pro hac vice*)
     jrothseid@wolfgreenfield.com
     **WOLF, GREENFIELD & SACKS, P.C.**
     605 Third Avenue, 25th Floor
     New York, NY 10158
     212.697.7890 Phone
     617.646.8646 Fax

Please take notice that on April 29, 2024, commencing at 8:30 a.m. CET, at Legance – Avvocati Associati, Via Broletto 20, 20121, Milan, Italy, Reebok International Ltd., LLC and Reebok International Limited will depose **Marco Doro** upon oral examination pursuant to Rules 28 and 30 of the Federal Rules of Civil Procedure, before a Notary Public or some other officer authorized by law to administer oaths.  The deposition may be recorded by stenographic and/or videographic means, and Italian-English language translation services may be provided. The deposition will be taken for all purposes allowed by law, including cross-examination and use at trial and will continue from day to day until completed.

Dated: March 21, 2024

Respectfully submitted,

REEBOK INTERNATIONAL LTD., LLC, and
REEBOK INTERNATIONAL LIMITED,

By their attorneys,

*/s/ Lucy Jewett Wheatley*
John J. Tumilty (BBO # 560017)
Paige Zacharakis (BBO # 699108)
**MORSE, BARNES-BROWN &
PENDLETON, P.C.**
480 Totten Pond Road, 4th Floor
Waltham, MA 02451
Telephone: (781) 622-5930
Fax: (781) 622-5933
jtumilty@morse.law
pzacharakis@morse.law

Lucy J. Wheatley (*admitted pro hac vice*)
Amanda L. DeFord (*admitted pro hac vice*)
**MCGUIREWOODS LLP**
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-1000

Fax: (804) 698-2016
lwheatley@mcguirewoods.com
adeford@mcguirewoods.com

Luigi Aletto (*admitted pro hac vice*)
**MCGUIREWOODS LLP**
1750 Tysons Boulevard
Suite 1800
Tysons, VA 22102
Tel: (703) 712-5000
Fax: (703)712-5050
laletto@mcguirewoods.com

# CERTIFICATE OF SERVICE

I hereby certify that, pursuant to the parties' agreement, on March 21, 2024, the foregoing,

NOTICE OF DEPOSITION was served upon the following counsel of record for Defendants

Autry International, S.r.l and Autry USA, LLC via electronic mail:

John L. Strand (BBO No. 654985)
jstrand@wolfgreenfield.com
Bryan S. Conley (BBO No. 666830)
bconley@wolfgreenfield.com
Suresh Rav (BBO No. 709631)
srav@wolfgreenfield.com
**WOLF, GREENFIELD & SACKS, P.C.**
600 Atlantic Avenue
Boston, MA 02210
617.646.8000 Phone
617.646.8646 Fax

Robert T. Maldonado (*admitted pro hac vice*)
rmaldonado@wolfgreenfield.com
Aya Cieslak-Tochigi (*admitted pro hac vice*)
acieslak-tochigi@wolfgreenfield.com
JoHanna K. Rothseid (*admitted pro hac vice*)
jrothseid@wolfgreenfield.com
**WOLF, GREENFIELD & SACKS, P.C.**
605 Third Avenue, 25th Floor
New York, NY 10158
212.697.7890 Phone
617.646.8646 Fax

*Counsel for Autry International, S.r.l and Autry USA, LLC*

/s/ Amanda L. DeFord
Amanda L. DeFord (admitted *pro hac vice*)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| REEBOK INTERNATIONAL LTD., LLC, and REEBOK INTERNATIONAL LIMITED,<br><br>          Plaintiffs and Counterclaim Defendants,<br><br>v.<br><br>AUTRY INTERNATIONAL S.r.l., and AUTRY USA, LLC,<br><br>          Defendants and Counterclaim Plaintiffs. | Case No. 1:23-cv-10966-RGS<br><br>**JURY TRIAL DEMANDED** |

**<u>NOTICE OF DEPOSITION</u>**

TO:    **Mauro Grange c/o:**
        John L. Strand (BBO No. 654985)
        jstrand@wolfgreenfield.com
        Bryan S. Conley (BBO No. 666830)
        bconley@wolfgreenfield.com
        Suresh Rav (BBO No. 709631)
        srav@wolfgreenfield.com
        **WOLF, GREENFIELD & SACKS, P.C.**
        600 Atlantic Avenue
        Boston, MA 02210
        617.646.8000 Phone
        617.646.8646 Fax

        Robert T. Maldonado (*admitted pro hac vice*)
        rmaldonado@wolfgreenfield.com
        Aya Cieslak-Tochigi (*admitted pro hac vice*)
        acieslak-tochigi@wolfgreenfield.com
        JoHanna K. Rothseid (*admitted pro hac vice*)
        jrothseid@wolfgreenfield.com
        **WOLF, GREENFIELD & SACKS, P.C.**
        605 Third Avenue, 25th Floor
        New York, NY 10158
        212.697.7890 Phone
        617.646.8646 Fax

Please take notice that on May 2, 2024, commencing at 8:30 a.m. CET, at Legance – Avvocati Associati, Via Broletto 20, 20121, Milan, Italy, Reebok International Ltd., LLC and Reebok International Limited will depose **Mauro Grange** upon oral examination pursuant to Rules 28 and 30 of the Federal Rules of Civil Procedure, before a Notary Public or some other officer authorized by law to administer oaths. The deposition may be recorded by stenographic and/or videographic means, and Italian-English language translation services may be provided. The deposition will be taken for all purposes allowed by law, including cross-examination and use at trial and will continue from day to day until completed.

Dated: March 21, 2024

Respectfully submitted,

REEBOK INTERNATIONAL LTD., LLC, and
REEBOK INTERNATIONAL LIMITED,

By their attorneys,

*/s/ Lucy Jewett Wheatley*
John J. Tumilty (BBO # 560017)
Paige Zacharakis (BBO # 699108)
**MORSE, BARNES-BROWN &**
**PENDLETON, P.C.**
480 Totten Pond Road, 4th Floor
Waltham, MA 02451
Telephone: (781) 622-5930
Fax: (781) 622-5933
jtumilty@morse.law
pzacharakis@morse.law

Lucy J. Wheatley (*admitted pro hac vice*)
Amanda L. DeFord (*admitted pro hac vice*)
**MCGUIREWOODS LLP**
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-1000

Fax: (804) 698-2016
lwheatley@mcguirewoods.com
adeford@mcguirewoods.com

Luigi Aletto (*admitted pro hac vice*)
**MCGUIREWOODS LLP**
1750 Tysons Boulevard
Suite 1800
Tysons, VA 22102
Tel: (703) 712-5000
Fax: (703)712-5050
laletto@mcguirewoods.com

## CERTIFICATE OF SERVICE

I hereby certify that, pursuant to the parties' agreement, on March 21, 2024, the foregoing,

NOTICE OF DEPOSITION was served upon the following counsel of record for Defendants

Autry International, S.r.l and Autry USA, LLC via electronic mail:

John L. Strand (BBO No. 654985)
jstrand@wolfgreenfield.com
Bryan S. Conley (BBO No. 666830)
bconley@wolfgreenfield.com
Suresh Rav (BBO No. 709631)
srav@wolfgreenfield.com
**WOLF, GREENFIELD & SACKS, P.C.**
600 Atlantic Avenue
Boston, MA 02210
617.646.8000 Phone
617.646.8646 Fax

Robert T. Maldonado (*admitted pro hac vice*)
rmaldonado@wolfgreenfield.com
Aya Cieslak-Tochigi (*admitted pro hac vice*)
acieslak-tochigi@wolfgreenfield.com
JoHanna K. Rothseid (*admitted pro hac vice*)
jrothseid@wolfgreenfield.com
**WOLF, GREENFIELD & SACKS, P.C.**
605 Third Avenue, 25th Floor
New York, NY 10158
212.697.7890 Phone
617.646.8646 Fax

*Counsel for Autry International, S.r.l and Autry USA, LLC*

/s/ Amanda L. DeFord
Amanda L. DeFord (admitted *pro hac vice*)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| REEBOK INTERNATIONAL LTD., LLC, and REEBOK INTERNATIONAL LIMITED,<br><br>Plaintiffs and Counterclaim Defendants,<br><br>v.<br><br>AUTRY INTERNATIONAL S.r.l., and AUTRY USA, LLC,<br><br>Defendants and Counterclaim Plaintiffs. | Case No. 1:23-cv-10966-RGS<br><br>**JURY TRIAL DEMANDED** |

## NOTICE OF DEPOSITION

TO:  **Roberto Doro c/o:**
John L. Strand (BBO No. 654985)
jstrand@wolfgreenfield.com
Bryan S. Conley (BBO No. 666830)
bconley@wolfgreenfield.com
Suresh Rav (BBO No. 709631)
srav@wolfgreenfield.com
**WOLF, GREENFIELD & SACKS, P.C.**
600 Atlantic Avenue
Boston, MA 02210
617.646.8000 Phone
617.646.8646 Fax

Robert T. Maldonado (*admitted pro hac vice*)
rmaldonado@wolfgreenfield.com
Aya Cieslak-Tochigi (*admitted pro hac vice*)
acieslak-tochigi@wolfgreenfield.com
JoHanna K. Rothseid (*admitted pro hac vice*)
jrothseid@wolfgreenfield.com
**WOLF, GREENFIELD & SACKS, P.C.**
605 Third Avenue, 25th Floor
New York, NY 10158
212.697.7890 Phone
617.646.8646 Fax

Please take notice that on May 3, 2024, commencing at 8:30 a.m. CET, at Legance – Avvocati Associati, Via Broletto 20, 20121, Milan, Italy, Reebok International Ltd., LLC and Reebok International Limited will depose **Roberto Doro** upon oral examination pursuant to Rules 28 and 30 of the Federal Rules of Civil Procedure, before a Notary Public or some other officer authorized by law to administer oaths The deposition may be recorded by stenographic and/or videographic means, and Italian-English language translation services may be provided. The deposition will be taken for all purposes allowed by law, including cross-examination and use at trial and will continue from day to day until completed.

Dated: March 21, 2024

Respectfully submitted,

REEBOK INTERNATIONAL LTD., LLC, and
REEBOK INTERNATIONAL LIMITED,

By their attorneys,

*/s/ Lucy Jewett Wheatley*
John J. Tumilty (BBO # 560017)
Paige Zacharakis (BBO # 699108)
**MORSE, BARNES-BROWN &
PENDLETON, P.C.**
480 Totten Pond Road, 4th Floor
Waltham, MA 02451
Telephone: (781) 622-5930
Fax: (781) 622-5933
jtumilty@morse.law
pzacharakis@morse.law

Lucy J. Wheatley (*admitted pro hac vice*)
Amanda L. DeFord (*admitted pro hac vice*)
**MCGUIREWOODS LLP**
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-1000

Fax: (804) 698-2016
lwheatley@mcguirewoods.com
adeford@mcguirewoods.com

Luigi Aletto (*admitted pro hac vice*)
**MCGUIREWOODS LLP**
1750 Tysons Boulevard
Suite 1800
Tysons, VA 22102
Tel: (703) 712-5000
Fax: (703)712-5050
laletto@mcguirewoods.com

## CERTIFICATE OF SERVICE

I hereby certify that, pursuant to the parties' agreement, on March 21, 2024, the foregoing,

NOTICE OF DEPOSITION was served upon the following counsel of record for Defendants

Autry International, S.r.l and Autry USA, LLC via electronic mail:

John L. Strand (BBO No. 654985)
jstrand@wolfgreenfield.com
Bryan S. Conley (BBO No. 666830)
bconley@wolfgreenfield.com
Suresh Rav (BBO No. 709631)
srav@wolfgreenfield.com
**WOLF, GREENFIELD & SACKS, P.C.**
600 Atlantic Avenue
Boston, MA 02210
617.646.8000 Phone
617.646.8646 Fax

Robert T. Maldonado (*admitted pro hac vice*)
rmaldonado@wolfgreenfield.com
Aya Cieslak-Tochigi (*admitted pro hac vice*)
acieslak-tochigi@wolfgreenfield.com
JoHanna K. Rothseid (*admitted pro hac vice*)
jrothseid@wolfgreenfield.com
**WOLF, GREENFIELD & SACKS, P.C.**
605 Third Avenue, 25th Floor
New York, NY 10158
212.697.7890 Phone
617.646.8646 Fax

*Counsel for Autry International, S.r.l and Autry USA, LLC*

/s/ Amanda L. DeFord
Amanda L. DeFord (admitted *pro hac vice*)

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| REEBOK INTERNATIONAL LTD., LLC, and REEBOK INTERNATIONAL LIMITED,<br><br>        Plaintiffs and Counterclaim Defendants,<br><br>      v.<br><br>AUTRY INTERNATIONAL S.r.l., and AUTRY USA, LLC,<br><br>        Defendants and Counterclaim Plaintiffs. | Case No. 1:23-cv-10966-RGS |

**NOTICE OF DEPOSITION**

TO:    **AUTRY INTERNATIONAL S.r.l.,**
John L. Strand (BBO No. 654985)
jstrand@wolfgreenfield.com
Bryan S. Conley (BBO No. 666830)
bconley@wolfgreenfield.com
Suresh Rav (BBO No. 709631)
srav@wolfgreenfield.com
**WOLF, GREENFIELD & SACKS, P.C.**
600 Atlantic Avenue
Boston, MA 02210
617.646.8000 Phone
617.646.8646 Fax

Robert T. Maldonado (*admitted pro hac vice*)
rmaldonado@wolfgreenfield.com
Aya Cieslak-Tochigi (*admitted pro hac vice*)
acieslak-tochigi@wolfgreenfield.com
JoHanna K. Rothseid (*admitted pro hac vice*)
jrothseid@wolfgreenfield.com
**WOLF, GREENFIELD & SACKS, P.C.**
605 Third Avenue, 25th Floor
New York, NY 10158
212.697.7890 Phone
617.646.8646 Fax

Please take notice that on May 2, 2024, commencing at 8:30 a.m. CET, at Legance – Avvocati Associati, Via Broletto 20, 20121, Milan, Italy, Reebok International Ltd., LLC and Reebok International Limited will take the deposition upon oral examination of the corporate representative of Defendants **AUTRY INTERNATIONAL S.r.l. ("Autry")** who is designated to testify on the topics set forth on the attached Exhibit A, pursuant to Rule 30 of the Federal Rules of Civil Procedure, before a Notary Public or some other officer authorized by law to administer oaths. The deposition may be recorded by stenographic means and/or by video, and Italian-English language translation services will be provided. The deposition will be taken for all purposes allowed by law, including cross-examination and use at trial and will continue from day to day until completed.

Autry is required to designate one or more officers, directors, managing agents, employees or other persons who consent to testify on its behalf regarding the topics set forth in Exhibit A. Accordingly, by April 18, 2024 please provide written notice to Reebok's counsel with the name(s) and employment positions of each person(s) so designated and the topics on which each such individual is designated.

Dated: April 11, 2024

Respectfully submitted,

REEBOK INTERNATIONAL LTD., LLC, and
REEBOK INTERNATIONAL LIMITED,

By their attorneys,

*/s/ Lucy Jewett Wheatley*
John J. Tumilty (BBO # 560017)
Paige Zacharakis (BBO # 699108)
**MORSE, BARNES-BROWN &**
**PENDLETON, P.C.**
480 Totten Pond Road, 4th Floor
Waltham, MA 02451

Telephone: (781) 622-5930
Fax: (781) 622-5933
jtumilty@morse.law
pzacharakis@morse.law

Lucy J. Wheatley (admitted *pro hac vice*)
Amanda L. DeFord (admitted *pro hac vice*)
**MCGUIREWOODS LLP**
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-1000
Fax: (804) 698-2016
lwheatley@mcguirewoods.com
adeford@mcguirewoods.com

Luigi Aletto (admitted *pro hac vice*)
**MCGUIREWOODS LLP**
1750 Tysons Boulevard
Suite 1800
Tysons, VA 22102
Tel: (703) 712-5000
Fax: (703)712-5050
laletto@mcguirewoods.com

## EXHIBIT A

### Definitions and Instructions

The words and phrases used in these Topics shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts. In addition, the following terms shall have the meanings set forth below whenever used in any Topic:

1. "Action" shall mean and refer to the above-captioned civil action filed in the District of Massachusetts.

2. "Autry" means and refers to Defendant Autry International, S.r.l, as well as each of its subsidiaries, parents, predecessors or successors in interest, affiliates, employees, officers, directors, owners, agents, partners, representatives, consultants, and attorneys during the applicable period covered by these Topics; any other person or entity acting on Autry's behalf or on whose behalf Autry acted; and any other person or entity otherwise subject to Autry's control or which controls Autry or with which Autry is under common control.

3. "Complaint" means the Complaint filed by Reebok in this Action, including any subsequent amendments thereto.

4. "Answer" means any Answer filed by Autry in this Action, including any subsequent amendments thereto.

5. "Counterclaims" shall mean any Counterclaims filed by Autry in this Action, including any subsequent amendments thereto.

6. "Defenses" shall mean any defenses Autry has asserted or will assert in the Action, including but not limited to any affirmative defenses or other defenses listed in the Answer or any subsequent amendment thereto.

7.    "Stripecheck Mark" means Reebok's mark that consists of a stylized cross-check overlapping intersecting stripes, for which Reebok owns multiple incontestable federal trademark registrations, including but not limited to U.S. Trademark Reg. Nos. 1,196,293 and 1,831,392, and which is depicted below:



8.    "Crosscheck Mark" means Reebok's mark that consists of a stylized cross-check that Reebok has consistently used as a source identifier in connection with upwards of 230 shoe lines in the United States since at least as early as 1970, and which is depicted below:



9.    "Window Box Mark" means Reebok's mark that consists of an elongated rectangular inset box that Reebok has consistently used as a source identifier in connection with upwards of 250 shoe lines in the United States since at least as early as 1981, as depicted below:

 

10.     "CLASSIC LEATHER Trade Dress" means Reebok's trade dress that consists of a distinctive combination of the following source-identifying elements: (1) the Reebok Crosscheck Mark on the shoe upper with the Window Box Mark; (2) a stay bar connecting the toe cap to the eyestay; (3) a heel tab; (4) a wedge-shaped midsole in a single color or two colors; and (5) the placement and proportion of these elements in relation to each other.



11.     "Asserted Marks and Trade Dress" refers collectively to the Stripecheck Mark, the Crosscheck Mark, the Window Box Mark, the Vector Logo, the REEBOK Union Jack Mark (as defined in the Complaint), and the CLASSIC LEATHER Trade Dress.

12.     "Autry's Marks and Trade Dress" refers collectively to Autry's designs, marks and trade dress that are at issue in this Action. This includes designs, marks and trade dress that are similar to the Stripecheck Mark, the Crosscheck Mark, the Window Box Mark, and/or the CLASSIC LEATHER Trade Dress, including but not limited to those Autry is using on or in connection with Autry's "Open Mid," "Open," "Dallas," "Medalist," "Super Vintage," "CLC," "Bob Lutz," and "Reelwind" shoes and the "AUTRY Marks," which refers to all uses of AUTRY, whether alone or with other elements, by Autry.  Given that Autry is continuing to launch new shoes bearing marks and trade dress that are similar to the Stripecheck Mark, the Crosscheck Mark,

the Window Box Mark, and/or the CLASSIC LEATHER Trade Dress, this term shall mean and refer to any such future shoes as well. A non-exhaustive depiction of Autry's Marks and Trade Dress are depicted below:







13.     The term "subject shoes" refers to the shoes pictured in Reebok's First Amended Complaint, any additional colorways of the same designs, and any other shoes sold by Autry that utilize Reebok's Asserted Marks and Trade Dress rights, including but not limited to Autry's "Open Mid," "Open," "Dallas," "Medalist," "Super Vintage," "CLC," "Bob Lutz," or "Reelwind" shoes.

14.     The term "person" shall mean any natural person or any business, legal or governmental entity or association.

15.     The terms "document(s)" and "thing" shall have the broadest possible meaning permitted by Federal Rules of Civil Procedure Rules 26 and 34 and the relevant case law, and the broadest meanings consistent with the terms "writings" or "recordings" as set forth in Rule 1001 of the Federal Rules of Evidence, and specifically and without limitation include tangible things and electronically stored information, including but not limited to all advertisements, promotional materials, marketing materials, publications, pamphlets, circulars, press releases, plans, contracts, agreements, drafts, correspondence, electronic mail, voice mail, text messages or similar communications through any and all apps or platforms, memoranda, notes, resolutions, articles, bylaws, amendments, filings, invoices, data compilations, telegrams, telexes, faxes, or sound recordings of any type of personal or telephone conversations or of meetings or conferences, and minutes, studies, analyses, reports, records, and project files, or reports similar to any of the foregoing, however denominated.  "Document(s)" also includes all drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing.

16.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

17.     The singular is to be construed as including the plural and vice versa.

18.     The terms "and" as well as "or" are to be construed either disjunctively or conjunctively to acquire the broadest meaning possible, so as to bring within the scope of the Topic all information that might otherwise be construed to be outside its scope.

19.     The terms "any," "each," and "all" shall be construed as "any and all."

20.     The terms "each" and "every" shall be construed as "each and every."

21.     The term "including" shall not be construed as limiting any Topic, and shall mean the same as "including, but not limited to."

22.     The past tense shall be construed to include the present tense, and vice versa, to make the discovery Topics inclusive rather than exclusive.

23.     The term "date" shall mean the exact day, month, and year, if ascertainable, or if not, the best approximation thereof.

24.     The term "communication" shall mean the transmittal or recording of information (in the form of facts, ideas, inquiries or otherwise), and includes, without limitation, correspondence, notes, texts or other messaging (including but not limited to WhatsApp, Teams, etc.), letters or other mail (including faxes and email), telephone calls, and face-to-face meetings.

25.     The terms "relating to," "related to," "relate(s) to," "pertaining to," or "pertain(s) to" a given subject shall mean directly or indirectly concerning, constituting, containing, embodying, evidencing, showing, comprising, reflecting, identifying, illustrating, stating, referring to, dealing with, commenting on, responding to, describing, involving, mentioning, discussing, recording, supporting, or negating such subject.

## TOPICS FOR EXAMINATION

1.      The formation of Autry and any related entities, including the date(s) that the business(es) were developed, the reasons for launching the business(es), and the structure of the business(es).

2.      Autry's business model.

3.      Past and present employees of Autry and any and any related entities, including employees' job responsibilities and dates of involvement, who have had any involvement related to the subject shoes.

4.      The subject shoes, including: wholesale and retail price points; design; manufacture; distribution methods; the process by which you decided to sell the subject shoes; and your reasons for selecting these products.

5.      Your use of Autry's Marks and Trade Dress, including but not limited to: the dates of first use for each of Autry's Marks and Trade Dress.

6.      Your use of Reebok's Asserted Marks and Trade Dress alleged in this case, including but not limited to: the dates of first use for each of the subject shoes and the geographic scope of your advertising, promotion, sale, distribution, and offering of the subject shoes.

7.      Your reasons for using Autry's Marks and Trade Dress, and the process by which you decided to use and selected Autry's Marks and Trade Dress for the subject shoes.

8.      The people who have been responsible for or have been involved in the process of designing the subject shoes, including the individuals involved in selecting, creating, and using the Autry's Marks and Trade Dress on the subject shoes, including the dates of each person's involvement and each person's responsibilities.

9.      Any meanings or messages that Autry intends to convey to consumers through Autry's Marks and Trade Dress, and any meanings or messages Autry intends to convey to consumers through the advertising and promotion of the subject shoes.

10.     Autry's communications with marketing or advertising companies referring to or concerning Reebok or Reebok's Asserted Marks and Trade Dress, and/or the subject shoes.

11.     Information about the trade channels for the subject shoes.

12. Information about the quality of the subject shoes, and the role of the manufacturing process in the quality of the subject shoes, and any quality control done during the manufacturing process, for the subject shoes.

13. All advertising, marketing, and/or promotional efforts performed by Autry or on Autry's behalf, relating to the subject shoes, including the media used (e.g., Internet websites or social media pages; radio; television; newspapers; point of sale material; or other signage); the channels used; the geographic regions promoted; the dates advertised; and the facts and circumstances surrounding each advertising, marketing, and/or promotional effort.

14. Autry's past, present, and future sales, advertising, marketing, or promotional strategy and plans for the subject shoes.

15. All monies spent, or intended to be spent, by Autry on advertising, marketing, or promoting the subject shoes.

16. Autry's distribution of the subject shoes, including a breakdown of sales by channel.

17. Sales of the subject shoes, including knowledge of general time periods of sale as well as volume, revenues, expenses, and profits, and a breakdown of each number by quarter.

18. All of Autry's revenues, expenses, and profits related to the sale of the subject shoes.

19. The timeline of Autry's actions in relation to the subject shoes, including but not limited to when each shoe was first designed, approved, manufactured, sold, and if applicable, discontinued, including the specific colorways.

20. Any communications, and any agreements, with any shoe designer or shoe manufacturer about the subject shoes.

21. All communications between you and any third party, including customers, concerning the subject shoes.

22. All communications between you and any third party, including customers, concerning Reebok.

23. All communications between you and any third party, including customers, regarding quality issues, or complaints, about the subject shoes.

24. Autry's first and all subsequent awareness of Reebok's Asserted Marks and Trade Dress.

25. Any instances of confusion or mistake between Reebok and Reebok's use of the Asserted Marks and Trade Dress, on the one hand, and Autry or Autry's subject shoes, on the other hand.

26. Any similarities or perceived similarities between the goods marketed, sponsored by, approved by, or sold by Reebok bearing the Asserted Marks and Trade Dress and the subject shoes.

27. Any instances where any person noted, identified, suggested, or recognized any perceived relationship, similarity or connection between Autry and Reebok.

28. All business plans, strategic plans, or market analyses that mention or relate to Reebok, Reebok's Asserted Marks and Trade Dress rights, or any of the subject shoes.

29.    The commercial or conceptual strength or distinctiveness of Reebok's Asserted Marks and Trade Dress.

30.    Any third-party use of a mark that you consider similar to any of Reebok's Asserted Marks and Trade Dress.

31.    The customers, class of persons, and market segment to whom you market, or plan to market, the subject shoes.

32.    All communications between Autry (including its owners, officers, directors, employees or agents) and anyone employed by Reebok.

33.    All facts forming the basis for the affirmative defenses and counterclaims as alleged in your Answer, Affirmative Defenses, and Counterclaims filed on March 13, 2024.

34.    All facts forming the basis for Autry's counterclaims as alleged in your Answer, Affirmative Defenses, and Counterclaims filed on March 13, 2024.

35.    All facts or documents relied on by Autry to respond to interrogatories or requests for admission in this case.

36.    Information about any complaints that Autry has received from third parties alleging trademark infringement or some other violation of the third party's intellectual property rights.

37.    Procedures that Autry has in effect to avoid violating the intellectual property rights of others.

38.    All facts concerning when you first became aware of any potential enforcement action by Reebok regarding the subject shoes.

39.     All facts and information in your possession, custody, and control concerning Reebok's ownership of Reebok's Asserted Marks and Trade Dress and the validity of Reebok's Asserted Marks and Trade Dress.

40.     Your knowledge concerning entities that are authorized and/or licensed to use Reebok's Asserted Marks and Trade Dress.

41.     Your investigation into Reebok's use of the Asserted Marks and Trade Dress, Reebok's ownership of the Asserted Marks and Trade Dress, and the validity of Reebok's Asserted Marks and Trade Dress.

42.     Your efforts to search for and produce documents in this case.

43.     Any instructions or directions from Autry to stop designing, manufacturing, producing, or distributing any of the subject shoes.

44.     Autry's reasons for using the United States flag in connection with the marketing, sale, promotion, offer to sell, and shipping of the subject shoes, and all communications, or documents, related or referring thereto.

45.     All communications, or documents, concerning the design and development of all advertising, marketing, or promotional materials related to, involving, or displaying Autry's "OUR ICONS", as highlighted on <www.autry-usa.com>.

46.     All communications, or documents, regarding or referring to any changes Autry has made to the "Open Mid", including but not limited to the reasons for discontinuing the version of the "Open Mid" shown below:



47.     All communications, or documents, with, or related or referring to, Autry Industries, Inc. or its successors in interest, or any individual associated with Autry Industries, Inc. or its successors in interest, including any heirs to Jim Autry, including but not limited to communications, or documents, related to Autry's adoption and use of any intellectual property or similar rights previously owned or still owned by Autry Industries, Inc. and/or its successors, assigns, heirs, or other related party.

48.     All communications, or documents, related or referring to Autry's decision to use the names "Reelwind," "Bob Lutz," and "CLC," including but not limited to communications, or documents, regarding the meaning or impression the names are intended to convey and documents and communications regarding whether Autry has obtained permission to use the name "Bob Lutz".

49.     All communications and discussions of Autry's intellectual property rights, and its shoe designs, in any prospective sales transaction of Autry to Style Capital.

50.     All communications and discussions of Reebok in any prospective sales transaction of Autry to Style Capital.

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, pursuant to the parties' agreement, on April 11, 2024, the foregoing,

NOTICE OF DEPOSITION was served upon the following counsel of record for Defendants

Autry International, S.r.l and Autry USA, LLC via electronic mail:

John L. Strand (BBO No. 654985)
jstrand@wolfgreenfield.com
Bryan S. Conley (BBO No. 666830)
bconley@wolfgreenfield.com
Suresh Rav (BBO No. 709631)
srav@wolfgreenfield.com
**WOLF, GREENFIELD & SACKS, P.C.**
600 Atlantic Avenue
Boston, MA 02210
617.646.8000 Phone
617.646.8646 Fax

Robert T. Maldonado (*admitted pro hac vice*)
rmaldonado@wolfgreenfield.com
Aya Cieslak-Tochigi (*admitted pro hac vice*)
acieslak-tochigi@wolfgreenfield.com
JoHanna K. Rothseid (*admitted pro hac vice*)
jrothseid@wolfgreenfield.com
**WOLF, GREENFIELD & SACKS, P.C.**
605 Third Avenue, 25th Floor
New York, NY 10158
212.697.7890 Phone
617.646.8646 Fax

*Counsel for Autry International, S.r.l and Autry USA, LLC*

*/s/ Luigi Aletto*
Luigi Aletto (admitted *pro hac vice*)